# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CORRINO HOLDINGS LLC., <br><br> Plaintiff, <br><br> v. <br><br> EXPEDIA GROUP, INC., <br><br> Defendant. | Civil Action No. 6:20-cv-309 <br><br><br> **JURY TRIAL DEMANDED** |

# MEMORANDUM IN SUPPORT OF EXPEDIA GROUP'S MOTION TO DISMISS UNDER RULE 12(b)(2) AND RULE 12(b)(3)

Plaintiff Corrino Holdings LLC ("Corrino") brought suit in the Western District of Texas, alleging that certain online travel websites and related mobile applications—*i.e.*, Expedia.com, Cheaptickets.com, Hotels.com, Orbitz.com, Travelocity.com, and Trivago.com (the "Accused Instrumentalities")—infringe certain of Corrino's patents.

The sole Defendant, Expedia Group, Inc. ("Expedia Group") is a Delaware corporation and is headquartered in the State of Washington. Expedia Group is a holding company. It has no offices, employees, or sales in Texas and does not operate any of the Accused Instrumentalities, which are owned and operated by several of Expedia Group's subsidiaries.

Simply put, Expedia Group is not "at home" in the Western District or the State of Texas, and, as a mere holding company, does not have any minimum contacts with the District and State arising from this action. The Court therefore lacks personal jurisdiction over Expedia Group. Moreover, given that Expedia Group neither resides nor has a regular and established place of business in this District, the Western District of Texas is an improper venue. For either reason or both, this action must be dismissed.

## STATEMENT OF FACTS

Expedia Group is a holding company that directly or indirectly owns the stock of several corporate subsidiaries that own and operate various online travel companies. Ex. A, Marron Decl. at ¶¶ 5, 7, 11. These subsidiary companies in turn own and operate a number of travel websites and related mobile applications, including the Accused Instrumentalities. *Id.* at ¶¶ 10–11. In particular, the table below lists the operating subsidiary that owns and operates each of the Accused Instrumentalities in this case along with each subsidiary's place of incorporation, principal place of business, and relevant corporate structure:

1

| Website / App | Entity (Place of Organization) | Principal Place of Business | Corporate Relationships |
|---|---|---|---|
| Expedia.com | Expedia, Inc. (Washington) | Seattle, Washington | Wholly owned by Expedia Group, Inc. |
| Cheaptickets.com | Trip Network, Inc. (Delaware) | Chicago, IL | Wholly owned by Orbitz Worldwide, LLC, which is wholly owned by Orbitz Worldwide, Inc., which is wholly owned by Expedia-WA. |
| Hotels.com | Hotels.com L.P. (Texas) | Dallas, Texas | Wholly owned by Hotels.com GP, a Texas LLP, and HRN 99 Holdings, LLC, a New York LLC, which are wholly owned by Expedia-WA. |
| Orbitz.com | Orbitz LLC (Delaware) | Chicago, IL | Wholly owned by Orbitz Inc., a Delaware corporation, which is wholly owned by Orbitz Worldwide, LLC, which is wholly owned by Orbitz Worldwide, Inc., which is wholly owned by Expedia-WA. |
| Travelocity.com | Travelscape, LLC (Nevada) | Las Vegas, NV | Wholly owned by Expedia-WA |
| Trivago.com | trivago N.V. (The Netherlands) | Düsseldorf, Germany | Majority-owned, indirect subsidiary of Expedia-WA |

*Id.* at ¶ 11, 16.

As a holding company, Expedia Group generally has no operations, facilities, or products, and it specifically has no operations, facilities, or products in Texas. Ex. A, Marron Decl. at ¶¶ 5–8. Instead, Expedia Group has a single employee based in Seattle, Washington. *Id.* at ¶ 5. Expedia Group has no employees in Texas. *Id.* Neither does it have any offices nor mailing addresses in Texas. *Id.* at ¶ 6. It does not own, lease, manage, or maintain any real property in Texas, and it conducts no business directly with the public (let alone any residents of this District or State). *Id.* at ¶¶ 6–7. Expedia Group does not own or operate any of the server systems, internet domain

2

names, related technology, or intellectual property associated with the Accused Instrumentalities. *Id.* at ¶¶ 8, 11.

In short, Expedia Group does what every other holding company with a portfolio of diverse and distinct subsidiaries does—owns stock in its various subsidiaries that operate distinct businesses. All day-to-day operations of these businesses, however, are managed and supervised by the separate corporate subsidiaries. Expedia Group maintains its own corporate status, identity, and structure, as do each of its operating subsidiaries managing the various branded online travel companies. Ex. A, Marron Decl. at ¶¶ 11–12. Expedia Group neither directs nor controls the day-to-day operations of its subsidiaries, including such operations relating to the technological development, design, or day-to-day use of any of the Accused Instrumentalities or related technology. *Id.* at ¶ 13.

## ARGUMENT

### A. There Is No Personal Jurisdiction over Expedia Group

A defendant may bring a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "The plaintiff has the burden to make a prima facie showing that personal jurisdiction is proper." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). The Court "accept[s] the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve[s] all controverted allegations in the plaintiff's favor." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). In resolving the issue of personal jurisdiction under Rule 12(b)(2), "not only the well-pleaded allegations of the complaint may be considered, but also factual showings made by way of … affidavits." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018).

In this case, not only does Corrino fail to meet its burden to make a prima facie showing of personal jurisdiction, the affidavit testimony offered in support of this motion establishes that

the Court lacks personal jurisdiction here. The complaint itself shows the lack of general jurisdiction over Expedia Group by conceding that neither its place of incorporation nor its principal place of business is in Texas and by providing no factual allegations that would make this one of the 'exceptional cases' where general jurisdiction exists outside of these two 'paradigm forums.' Furthermore, because Expedia Group is a holding company based in Seattle, Washington and because the Accused Instrumentalities at issue here are owned and operated by separate and distinct subsidiaries, the Court also lacks specific jurisdiction over Expedia Group. Accordingly, the Court should dismiss the complaint for lack of personal jurisdiction over Expedia Group.

### 1. The Court cannot exercise general jurisdiction because Expedia Group is not "at home" in Texas.

The Due Process Clause of the Fourteenth Amendment restrains the exercise of personal jurisdiction in state and federal courts, such that " 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that state." *Bristol-Myers Squib Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017) (internal citations and quotations omitted). "General jurisdiction is present only when a plaintiff can show the defendant's connection to a forum is so constant and pervasive as to render it essentially at home in the forum state." *Slyce Acquisition Inc. v. Syte*, 422 F. Supp. 3d 1191, 1196 (W.D. Tex. 2019) (internal citations and punctuation omitted). A trio of Supreme Court cases over the past decade has instructed that "[t]he 'paradigm' forums in which a corporate defendant is 'at home' … are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017); *accord Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In theory there could be an "exceptional case" where "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.' " *BNSF*, 137 S. Ct. at 1558

(quoting *Daimler*, 571 U.S. at 139). But in practice, courts time and time again have stressed that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also Alexander v. Greenwood Hall, Inc.*, No. 18-4540, 2019 WL 2913953, at *7 (S.D. Tex. July 8, 2019) (noting that the Fifth Circuit "has instructed both district courts and practitioners alike that finding general jurisdiction" outside the paradigm forums of place of incorporation or principal place of business "is virtually impossible absent exceptional circumstances"); *BNSF*, 137 S. Ct. at 1560 (Sotomayor, J., concurring in part and dissenting in part) (recognizing that, under *BNSF*, *Daimler*, and *Goodyear*, "it is virtually inconceivable" that corporate defendants "will ever be subject to general jurisdiction in any location other than their principal places of business or of incorporation").

Expedia Group is not subject to general jurisdiction here. In its complaint, Corrino itself in effect concedes that the Western District of Texas is not one of the "paradigm forums" where Expedia Group is subject to general jurisdiction by alleging that the company is incorporated in Delaware and maintains its principal place of business in Washington. *See* Dkt. 1, Complaint at ¶ 2. And Corrino comes nowhere close to establishing this to be an "exceptional case" where Expedia Group would be "at home" in another forum, namely the Western District of Texas. At most, Corrino merely alleges that Expedia Group "has physical locations in Austin, Houston, and Dallas, Texas from which it regularly conducts business related to this action." *Id.*; *see also, e.g.*, *id.* at ¶ 10 (alleging that Expedia Group "regularly conducts and solicits business in, and engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and

services provided to this District and the state of Texas" and "conducts a significant, persistent and regular amount of business in this District").

Yet, it is precisely these types of allegations that both the Supreme Court and the Fifth Circuit consistently have held not to be 'substantial' enough to establish general jurisdiction. *See, e.g.*, *Goodyear*, 564 U.S. at 927 (holding that "[f]low of a manufacturer's products into the forum" or corporation's "continuous activity of some sorts within a state" to be insufficient for general jurisdiction) (internal citations and quotations omitted); *Daimler*, 571 U.S. at 136 (holding that presence of "in-state subsidiary or affiliate" of defendant insufficient for general jurisdiction) *Monkton*, 768 F.3d at 432 (holding that defendant's "website is insufficient to establish general jurisdiction"). In fact, the only modern case where the Supreme Court found general jurisdiction to exist outside of the paradigm forums is *Perkins v. Benquet Consol. Mining Co.*, which found that an Ohio court had general jurisdiction over "a Philippine mining corporation that had ceased activities in the Philippines during World War II" due to "the Japanese occupation of the Philippines" and completely moved all "wartime business activity" to Ohio. *See, e.g.*, *Goodyear*, 564 U.S. at 928–29 (discussing *Perkins*, 342 U.S. 437 (1952)); *see also Patterson v. Aker Solutions Inc.*, 826 F.3d 231, 235 (5th Cir. 2016) (recognizing *Perkins* to be "the benchmark of the 'exceptional case' where it is appropriate to exercise general jurisdiction over a corporation outside of its principal place of business or place of incorporation"). In cases like this one, however, even where a corporate defendant "might operate 'in many places,' it cannot 'be deemed to be at home in all of them' " for purposes of general jurisdiction. *Frank*, 947 F.3d at 337. The run-of-the-mill allegations present here, even if they were true, come nowhere close to the "exceptional case."

### 2. The Court cannot exercise specific jurisdiction because there is no suit-related connection between Expedia Group and Texas.

For specific jurisdiction, due process permits state and federal courts to exercise personal when "the defendant's suit-related conduct … create[s] a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The relevant inquiry is whether the defendant has sufficient "minimum contacts" with the forum State to justify specific jurisdiction, and it "focuses on the relationship among the defendant, the forum, and the litigation." *Id.* (internal citations and quotations omitted). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (alteration in original) (quoting *Goodyear*, 564 U.S. at 919). Importantly, the requisite relationship or affiliation for specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State," and the " 'minimum contacts' analysis looks to the defendant's contact with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 284–85 (emphasis in original). Expedia Group has no such minimum contacts or sufficient relationship or affiliation with Texas that would justify personal jurisdiction in this case.

As explained in the Declaration of Michael Marron attached to this motion, Expedia Group is a holding company with no presence in either the Western District of Texas or the broader State. Ex. A, Marron Decl. at ¶¶ 5–6. It has no physical operations or facilities in the District or State, does not own or lease any property here, does not have any employees in Texas, and conducts no business directly with the public. *Id.* at ¶¶ 5–7. Neither does Expedia Group own or operate any of the Accused Instrumentalities (*i.e.*, websites and mobile applications) or relevant technology in

7

this case. *Id.* at ¶ 11. In fact, Expedia Group does not own or operate any servers, computer systems, or computer equipment at all. *Id.* at ¶ 8.

The exercise of specific jurisdiction over Expedia Group does not comport with the requirements of due process. *See, e.g.*, *Phonetel Commc'ns, Inc. v. U.S. Robotics Corp.*, No. 00-1750, 2011 WL 36082631, at *2–3 (N.D. Tex. June 1, 2001) (holding company not subject to specific jurisdiction in patent infringement case where company did not "sell or manufacture or provide services in Texas or elsewhere" or could not otherwise be linked "to the sale of or offers to sale [of] the accused products in Texas"); *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 11-0400, 2012 WL 3647182, at *2 (E.D. Tex. Aug. 23, 2012) (no specific jurisdiction against holding company in patent infringement case); *ETS-Lindgren, Inc. v. MVG, Inc.*, No. 15-0456, 2015 WL 6756186, at *3–4 (W.D. Tex Nov. 4, 2015) (no specific jurisdiction in patent infringement action against holding company with "no place of business, office, employees, owners, officers, or directors located in Texas").

Expedia Group anticipates that Corrino will argue for specific jurisdiction under an "agency" theory, in effect seeking to attribute the purported jurisdictional contacts of one or more of its subsidiaries to Expedia Group itself. Such an argument is without merit. "Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 332 (5th Cir. 2014) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). "So long as the parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other: There must be proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes, the degree of control exercised by the parent must be greater than

that normally associated with common ownership and directorship, and all the relevant facts and circumstances surrounding the operations of the parent and subsidiary must be examined to determine whether two separate and distinct corporate entities exist." *Phonetel*, 2001 WL 3608261 at *3 (citing *Hargrave*, 710 F.2d at 1160).

Corrino makes no such allegations here. Though the complaint alleges infringement by the Accused Instrumentalities (*e.g.*, various websites and mobile applications associated with Expedia.com, Cheaptickets.com, Hotels.com, Orbitz.com, Travelocity.com, and Trivago.com), it admits that these "Expedia Brands and Subsidiaries are operated, owned, and controlled" not by Expedia Group, but by its subsidiaries. Dkt. 1, Complaint at ¶¶ 3–4. Corrino is correct in this respect. The "Accused Instrumentalities" are not owned by Expedia Group but by various operating entities related to, at times with degrees of separation from, Expedia Group. *See supra* at 2 (table listing ownership and corporate information relating to Accused Instrumentalities).

Each of these the operating subsidiaries are responsible for their own day-to-day management of their own operations and activities, and Expedia Group, as a holding company, neither controls nor directs the specific operational details relating to the websites, mobile applications, and technology at issue here. Ex. A, Marron Decl. at ¶ 11-12. In the absence of any factual allegations that Expedia Group controls or directs the day-to-day operations of its various and distinct subsidiaries in its diverse portfolio of brands, and further in light of the evidence to the contrary, Corrino cannot show that exercise of specific jurisdiction is proper here. *See, e.g.*, *Phonetel*, 2001 WL 3608261 at *4; *Hildebrandt v. Indianapolis Life Ins. Co.*, No. 08-1815, 2009 WL 398097, at *4–5 (N.D. Tex. Feb. 17, 2009); *Zapta v. HSB Holdings plc*, No. 16-0030, 2017 WL 6939209, at *5 (S.D. Tex. Sept. 14, 2017).

**B.     Venue Is Not Proper in This District**

The patent-venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The patent-venue statute is intended to be restrictive. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). It is specific, unambiguous and should be narrowly construed. *In re Cray, Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017); *see also In re BigCommerce*, *Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018) (rejecting an argument for a liberal construction of Section 1400(b) as a "non-starter"). Plaintiff bears the burden of proving proper venue. *In re ZTE*, 890 F.3d at 1016.

For the purposes of Section 1400(b), a domestic corporation "resides" only in its State of incorporation." *TC Heartland v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). If a defendant is not incorporated in the relevant state, then a plaintiff must show that the defendant has a "regular and established place of business" in the relevant district. This requires a showing of (1) a fixed physical location in the district, (2) that is a regular and established place of business, and (3) is the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). For a regular and established place of business to be a "place of the defendant," several considerations apply, including "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Cray*, 871 F.3d at 1363.

In ruling on a Rule 12(b)(3) motion, the Court initially accepts as true all of the well-pleaded allegations in the complaint; however, the Court may consider evidence in the record beyond the facts alleged, including the facts set forth in affidavits or evidence submitted by Expedia Group in connection with its motion to dismiss. *See Galderma Labs. v. Teva Pharma. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017). Where, as here, the defendant submits

evidence controverting specific facts in the complaint, the Court is no longer required to accept those controverted facts as true. *Id.*

### 1. Expedia Group does not reside in this District.

Expedia Group is a Delaware corporation. Dkt. 1, Complaint at ¶; Ex. A, Marron Decl. at ¶ 4. For purposes of Section 1400(b), Expedia Group resides only in Delaware. *See TC Heartland*, 137 S. Ct. at 1519.

### 2. Expedia Group does not have a place of business in this District.

As explained above, Expedia Group has no ties to Texas, let alone this District. Expedia Group is a holding company. Ex. A, Marron Decl. at ¶ 5. It does not have any physical locations anywhere in Texas. *Id.* at ¶ 6. It does not own, lease or otherwise have any buildings, offices, or physical spaces in Texas. *Id*. Expedia Group has no employees other than its officers, each of which are located in Seattle, Washington. *Id.* at ¶ 5.

Corrino's complaint identifies only two physical location within this District, two office "campuses" in Austin, Texas. Dkt. 1, Complaint at ¶ 11, Dkt. 1-13, Ex. L to the Complaint. These offices are leased by HomeAway, Inc., a subsidiary of a subsidiary of a subsidiary of Defendant Expedia Group. Ex. A, Marron Decl. at ¶¶ 17–18. Expedia Group does not control HomeAway. *Id.* at ¶ 19. No Expedia Group employee works at HomeAway's Austin, Texas offices. *Id.* at ¶ 5 (identifying sole employee as based in Seattle, Washington). No business of Expedia Group is conducted from the HomeAway offices in Austin. *Id.* at ¶¶ 7–8. They are not Expedia Group's places. *See Cray*, 871 F.3d at 1364 (for patent-venue purposes, a location must be a place "of the defendant").

### 3. HomeAway's Austin office cannot be imputed to Expedia Group.

Corrino has not and cannot allege that HomeAway's Austin offices should be imputed to Expedia Group. Corrino's complaint sets forth the conclusory allegation that through its Global

11

Network of Brands, Expedia Group has an established place of business in the District. Dkt. 1, Complaint at ¶ 11. But this threadbare allegation is not enough to impute HomeAway's office to Expedia Group.

The place of a related company is not imputed to a corporate relative for venue purposes, except under extraordinary circumstances. *See Interactive Toybox LLC v. Walt Disney Co.*, No. 17-1137, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018) ("Except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative.") (quoting *Bd. of Regents v. Medtronic PLC*, No. 17-0942, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018)); *see also Soverain IP, LLC v. AT&T, Inc.*, No. 17-0293, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017) (for a regular and established place of business to be imputed between two defendants, the companies "must lack formal corporate separateness, which is a difficult standard to meet"); *Post Consumer Brands, LLC v. General Mills, Inc.*, No. 17-2471, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017) ("[S]o long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other' for the purpose of determining proper venue."). Therefore, for any regular and established place of business of HomeAway to be imputed to Expedia Group, HomeAway and Expedia Group "must lack formal corporate separateness, which is a difficult standard to meet." *Soverain IP*, 2017 WL 5126158 at *1.

This high standard cannot be met. Expedia Group and HomeAway are distinct separate companies. HomeAway maintains its own corporate status, identity, and structure and, is generally responsible for day-to-day management of its own operations and activities. Ex. A, Marron Decl. at ¶ 18. Expedia Group is not even the direct parent of HomeAway; HomeAway is a wholly-owned

subsidiary of VRBO Holdings, Inc. which is a wholly-owned subsidiary of Expedia, Inc., which is a wholly-owned subsidiary of Expedia Group, Inc. *Id.* To prevail in its attempt to impute HomeAway's Austin Office to Defendant Expedia Group, Corrino would have to prove that corporate formalities have been disregarded across all of these entities. *See Faulkner v. Kornman (In re Heritage Org., L.L.C.)*, 413 B.R. 438, 514 (Bankr. N.D. Tex. 2009) (holding that, for veil-piercing claims, plaintiff must meet requisite standard at "each level or layer of ownership applicable within [a] multi-faceted entity structure").

The Complaint itself is devoid of any facts suggesting corporate formalities are not observed. At most, the complaint makes conclusory allegations a regarding a joint enterprise and points to references to the HomeAway offices on the website www.lifeatexpediagroup.com. Dkt. 1, Complaint at ¶ 11. These alleged facts are not nearly sufficient to impute HomeAway's offices to Expedia Group. First, the complaint alleges:

> Upon information and belief, Defendant has, through its Global Network of Brands and its partner program that it runs and maintains on behalf and for the benefit for Expedia Group and its subsidiaries, has [sic] a regular and established place of business in this District.

*Id.* This allegation, even if true, is not sufficient. *See Soverain IP*, 2017 WL 5126158 at *1 ("even if a parent corporate controls a subsidiaries operations and the companies share a unitary business purpose, the subsidiary's presence in a venue to the parent absent disregard for corporate separateness") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)).

Second,, the fact that HomeAway's Austin, Texas offices are listed in the "careers" section of the lifeatexpediagroup.com website under does not make the HomeAway offices into places of

business of Expedia Group. *See* Dkt. 1-12 & 1-13, Complaint Exs. K & L.[1] The lifeatexpediagroup.com website is owned by Expedia, Inc. (Washington) not Defendant Expedia Group, as is the trademark EXPEDIA GROUP. Ex. A, Marron Decl. at ¶¶ 14–15. The lifeatexpediagroup.com website clearly refers to offices across a number of subsidiaries. As the description under Austin, Texas in Exhibit L makes clear, the Austin offices relate to the "Vrbo team in Austin," not Expedia Group, Inc.[2] Third, the job postings on Exhibit K do not state the successful candidates will be employed by Expedia Group, Inc., as opposed to one of its various subsidiaries. As the Northern District of Texas reasoned with respect to similar evidence:

> Although the banner at the top of the job listing includes Teva USA's logo, the postings themselves do not specify that the successful candidate would be employed by Teva USA. … The Court concludes that this evidence does not raise a fact issue as to whether Teva USA employs sales representatives anywhere in the United States, let alone the Northern District of Texas.

*Galderma Labs*, 290 F. Supp. 3d at 612–13. As a matter of fact, the job postings in question were for HomeAway, not Expedia Group. Ex. A, Marron Decl. at ¶ 20.

Third, and finally, the cited portions of Exhibit Group's 2018 Annual Report do not support an alter ego theory. The first line of the report makes clear that references to Expedia Group within the Annual Report refer collectively to Expedia Group, Inc. and its subsidiaries. Dkt. 1-10, Complaint Ex. I at 4 ("We refer to Expedia Group, Inc. and its subsidiaries … collectively as 'Expedia Group,' the 'Company,' 'us,' 'we' and 'our' in this Annual Report on Form 10-K."). Any reference to Expedia Group's "travel brands" or "technology platforms" within the Annual Report do not indicate which entity owns, operates, or controls the brand or platform and are

---

[1] Exhibit J to the complaint is a print-out from the website of Craft, a third-party enterprise intelligence company. Any statement on this third-party website that Expedia Group, Inc. has an office in Austin, Texas is hearsay without exception.

[2] Vrbo is an acronym for "Vacation Rentals By Owner," the category of online travel services provided by HomeAway. Ex. A, Marron Decl. at ¶ 19.

insufficient to meet Corrino's burden. *See Post Consumer Brands*, 2017 WL 4865936 at *2 (finding venue improper notwithstanding fact that plant was identified in Form 10-K statements of defendants, among other things).

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant Expedia Group's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3).

Dated: June 17, 2020    Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Jeffrey J. Catalano
IL Bar No. 6289197
Email: jcatalano@freeborn.com
Troy D. Smith
IL Bar No. 6297657
Email: tsmith@freeborn.com
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312)-360-3520

*Counsel for Expedia Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 17th day of June, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith