# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CORRINO HOLDINGS LLC,<br><br>Plaintiff,<br>v.<br><br>EXPEDIA, INC. and TRIVAGO N.V.,<br><br>Defendants. | CIVIL ACTION NO. 6:20-CV-00309-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS EXPEDIA, INC. AND TRIVAGO N.V.'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

|      |      |                                                                                                  | Page |
|------|------|--------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION ………………………………………………………………………… | 1    |
| II.  |      | BACKGROUND …………………………………………………………………………... | 2    |
|      | A.   | The '734 Patent ……………………………………………………………………….. | 2    |
|      | B.   | The Parties' Dispute Regarding Infringement Contentions ……………………... | 4    |
| III. |      | APPLICABLE LAW ……………………………………………………………………… | 7    |
| IV.  |      | ARGUMENT ………………………………………………………………………….…… | 7    |
|      | A.   | Corrino's AICs Fail to Identify "User-Submitted Stories"………………………. | 7    |
|      | B.   | Corrino's AICs Fail to Identify "An Indication Provided by One or More Users" ……………………………………………………………………………..... | 8    |
| V.   |      | CONCLUSION…………………………………………………………………………... | 9    |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Connectel, LLC v. Cisco Sys.*,
   391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005)……………………………………………..…6

*McKesson Information Solutions, LLC v. EPIC Systems Corp.*,
   495 F. Supp. 2d 1329 (N.D. Ga. 2007)..……………………………………………………….6

*Scorpcast, LLC v. Boutique Media*,
   No. 20-cv-00193-JRG-RSP, Dkt. No. 152, slip op. at 2 (E.D. Tex. Mar. 26, 2021)………......6

*STMicroelectronics, Inc. v. Motorola, Inc.*,
   307 F. Supp. 2d 845 (E.D. Tx. 2004)…………………………………………………………..6

*UltimatePointer, LLC v. Nintendo Co.*,
   No. 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122, (E.D. Tex. May 28, 2013)………………6

**Other Authorities**

June 24, 2021 Order Governing Proceedings – Patent Case …....……………………..………..2, 6

### I. INTRODUCTION

Defendants Expedia, Inc. and trivago N.V. (collectively, "Defendants" or "Expedia") respectfully request the Court to strike the Plaintiff Corrino Holdings LLC's ("Corrino") Amended Infringement Contentions ("AICs"), dated August 3, 2021 with respect to one of the seven asserted patents in this case, U.S. Patent No. 9,152,734 (filed Oct. 6, 2015) (the "'734 Patent").

Corrino's Amended Infringement Contentions dated August 3, 2021 do not make even a colorable attempt to allege Defendants practice multiple elements required by the claims. The '734 Patent relates to the searching and filtering *user-submitted* story content. Each of the claims requires that every "story" accessed, selected, and displayed by the claimed invention be "***submitted by a user.***" '734 Patent, Claim 1 ("each story submitted by a user…"). Corrino's AICs allege that individuals that access and search the accused websites seeking flight information are users; however, Corrino's AICs do not contain any allegation that flights, flight information, or flight search results are ***submitted by users***.

In addition, each of the claims of the '734 Patent requires that the selected stories be filtered "so that each remaining story is associated with an indication ***provided by one or more users*** that the remaining story is associated with a same one or more participants." '734 Patent, Claim 1. Corrino's AICs assert that the users are individuals that access and search the accused websites seeking flight information and that the "one or more participants" limitation is satisfied by an indication of which airline offers each flight. Even if correct, Corrino does not (and cannot) contend that the claimed indication is ***provided by one or more users.*** Corrino's AICs fail to point to any aspect of the accused functionality which would meet the "indication provided by one or more users that the remaining story is associated with a same or more participants" limitation of the sole asserted claim of the '734 Patent.

The Court's Order Governing Proceedings – Patent Case (Dkt. 14) requires Corrino's preliminary infringement contentions set forth "where in the accused product(s) *each element* of the asserted claim(s) are found"). Corrino has had two chances to identify any functionality in the accused instrumentality that meets these claim limitations but has utterly failed. Moreover, no amount of additional time or discovery will enable Corrino to identify elements in the accused instrumentalities that meet these limitations. It's just not there.  Expedia's accused instrumentality is an online marketplace for airline travel.  Expedia's flight search interface has nothing to do with user-submitted story content and does not allow users to provide indications associating certain flights with one or more participants.

Corrino's failure to comply with the Court's Order cannot be cured and Corrino's infringement contentions with respect to the '734 Patent should be stricken.

## II.     BACKGROUND

The Accused Instrumentalities are Defendants' websites and mobile applications for various of the Defendants' brands and subsidiaries.  Corrino filed a complaint against the Defendants, alleging infringement of Seven Asserted Patents, including the '734 Patent at issue in this motion.

### A.     The '734 Patent

The '734 Patent relates to a method of searching for and identifying user-submitted content using certain metadata.  The specification is exceedingly clear that the purported invention is directly and uniquely related to user-submitted content.  *See, e.g.* Ex. 1, '734 Patent at 1:15-17 ("This disclosure relates to user-submitted content and, in particular, to an association between user-submitted story content [and certain metadata]").  As the specification explains, the problem addressed by the purported invention is directly related to user-submitted content:

> Websites and/or web services featuring **user-submitted content** are becoming increasingly popular and are among the most heavily trafficked websites on the Internet. Content submitted to such websites is often transient and can be lost or removed over time. ***Moreover, given the high volume of user-submitted content, it may be difficult to find content of interest to particular users***.
>
> As will be described below, ***the value of user-submitted content may be increased by associating the content with descriptive metadata…***

Ex. 1, '734 Patent at 2:42-52 (emphasis added). Among other things, the specification describes how users can "tag" participants to each story:

> For example, in a story describing a dinner party, the **participants input 128** may be used to identify the people (or a subset of the people) who attended the party. Story participants may be specified using a text entry field of the input **128** and/or using a lookup control, which may allow the contributor to search through a set of users he/she has identified in the past, may comprise a directory of registered users, or the like…

Ex. 1, '734 Patent at 9:37-47. The specification describes that the participant information can be used to filter selected stories for display. Ex. 1, '734 Patent at 19:29-38. ("[I]ntersection criteria may be combined with other metadata criteria to 'filter' the intersecting stories. The criteria may be based on any type of story data, including but not limited to: story participant(s)….")

Claim 1 of '734 Patent claims a method of searching for and displaying user-submitted story content using metadata related to the timeframe and location and filtering the selected stories using indications, provided by a user, of the participants to the story. Ex. 1, '734 Patent at Claim 1.

> 1. A method for presenting <u>story content</u> relating to a timeframe and location of interest, the method performed by a computing system having one or more hardware computer processors, the method comprising:
>
> receiving a query comprising an intersection criteria, the intersection criteria comprising a location and a timeframe of interest;
>
> generating an intersection space comprising one or more stories matching the location and the timeframe of the query, said generating comprising:

3

> accessing a plurality of stories stored on a non-transitory computer-readable storage medium, *each story submitted by a user* and comprising one or more content items and having respective intersection metadata, the intersection metadata of each story comprising a location and a timeframe pertaining to the story;
>
> selecting stories for inclusion in the intersection space that have intersection metadata corresponding to the location and the timeframe of the intersection criteria; and
>
> <u>filtering the stories selected for inclusion in the intersection space so that each remaining story is associated with ***an indication provided by one or more users*** that the remaining story is associated with a same one or more participants;</u>
>
> calculating a relative importance of each story in the intersection space, wherein the relative importance of respective stories indicates a relative overlap between the timeframe of interest and a timeframe of the respective story; and
>
> providing, for presentation on a display, the intersection space comprising indicators of one or more of the stories included in the intersection space in an order based on the relative importance of each respective story in the intersection space.

Ex 1, '734 Patent at Claim 1 (emphasis added). Crucially for this motion, the claim incorporates the user-submitted content attributes of the invention, requiring both (i) that the stories be user-submitted content and (ii) the indications of participants to the stories be provided by users.

### B. The Parties' Dispute Regarding Infringement Contentions

On July 9, 2020, Corrino provided its Preliminary Infringement Contentions ("PICs"). At the time, the sole Defendant in the litigation was the now-dismissed Expedia Group, Inc. ("EGI"). Shortly after PICs were served, the Parties' agreed to stay discovery pending venue discovery related to EGI's motion to dismiss for improper venue. Ultimately, EGI was dismissed and Corrino filed an Amended Complaint (Dkt. 21) against Defendants Expedia, Inc. and trivago N.V..

On June 23, 2021, following the resumption of the case, Defendants sent Corrino a letter identifying deficiencies in Corrino's Preliminary Infringement Contentions ("PICs"), including those identified in this motion, and requesting that Corrino remedy the deficiencies and/or affirmatively withdraw non-viable assertions of infringement. Ex. 2, June 23, 2021 Letter at 8-10. The June 23 letter notified Corrino that (among other issues) that, in its allegations with respect to

the '734 Patent, the PICs failed to plausibly identify (i) stories (or story content) submitted by users or (ii) an "indication" that is "provided by one or more users" that the remaining stories are associated with one or more same participants, as required by the claim. Ex. 2, June 23, 2021 Letter at 9-10.

Corrino responded by filing its Amended Infringement Contentions ("AICs") on August 3, 2021. Ex. 3, August 3, 2021 Corrino's AICs. While the AICs addressed some of the concerns Defendants raised regarding Corrino's PICs, many of the fundamental deficiencies of the PICs remain unaddressed in the AICs—Corrino still utterly fails to identify user-submitted story content or user-provided indications of the participants to each story. Ex. 3, August 3, 2021 Corrino's AICs at Ex. F.

On August 6, 2021, Defendants sent Corrino a second letter identifying again the still-unresolved deficiencies in Corrino's AICs and requesting that Corrino withdraw its claims of infringement with respect to the asserted patents. Ex. 4, August 6, 2021 Letter at 1. Following a meet and confer on August 23, the Parties came to an accord regarding some of the issues set forth in the August 6 letter.[1] However, with respect to the '734 Patent, Corrino was unable to (i) point to any features of the flight search results of the Accused Instrumentalities which meet the "each story submitted by a user" limitation or (ii) identify an indication provided by a user associating flight search results with one or more participants.

---

[1] Namely, Expedia ultimately agreed with Corrino's position that the Parties' dispute with respect to U.S. Patent No. 7,716,149 implicates an issue of claim construction and is not ripe for a motion to strike infringement contentions. The Parties continue to discuss the contentions relating to U.S Patent No. 6,741,188 with respect to the "dynamically updating" limitation. Expedia maintains that the contentions are factually incorrect and indicate that Corrino did not make a good faith investigation before asserting this patent against the Accused instrumentalities. However, this dispute is outside of the scope of the present motion.

Expedia has raised these deficiencies with Corrino, received Corrino's amended infringement contentions—which fail to address the deficiencies—and the parties have met and conferred on the issue. Expedia's motion is ripe for determination by this Court.

## III. APPLICABLE LAW

The Standing Order requires that a plaintiff "serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found." *See* June 24, 2021 Order Governing Proceedings – Patent Case (Dkt. 14). Similar local rules governing patent cases exist in the other districts. *E.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845 (E.D. Tex. 2004); *McKesson Information Solutions, LLC v. EPIC Systems Corp.*, 495 F. Supp. 2d 1329 (N.D. Ga. 2007). Infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with [the Eastern District of Texas's] Patent Rule 3–1" and "the Court has never condoned lower standards." *Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005). Other districts have held that broad conclusory allegations that the products are similar do not suffice and have required that Plaintiff provide an explanation of the technical and functional identity of the products represented. *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122, at *14–16 (E.D. Tex. May 28, 2013); *see also Scorpcast, LLC v. Boutique Media*, No. 20-cv-00193-JRG-RSP, Dkt. No. 152, slip op. at 2 (E.D. Tex. Mar. 26, 2021).

## IV. ARGUMENT

### A. Corrino's AICs Fail to Identify "User-Submitted Stories"

Corrino's AICs fail to provide full and fair notice to Defendants of Corrino's theory of infringement for *each* element of the asserted claim used by the Accused Instrumentalities, by failing to describe how the Accused Instrumentalities allegedly satisfy the claim elements of the Asserted Patents. Corrino's AICs allege that Accused Instrumentalities – websites and mobile applications of Expedia, Cheaptickets, and Travelocity – infringe independent Claim 1 of the '734 Patent, as well as a dependent claim.

Corrino's AICs indicate that the "users" of the '734 Patent's Accused Instrumentalities are those individuals that access and search the accused websites seeking flight information. Flight search results are contended to satisfy the various "story" or "stories" requirements of the claim. However, the method of Claim 1 requires "accessing a plurality of stories….*each story submitted by a user*." The AICs assert that the "stories" (flight information) are stored in Expedia's database but fail to state that the "stories" are submitted by the user:

| Patent Claim | Evidence (Ex. F at 1-5) |
|---|---|
| ['734 Claim]: 1. A method for presenting story content relating to a timeframe and location of interest, the method performed by a computing system having one or more hardware computer processors, the method comprising: | . . .<br>Expedia allows *users to search flights* from the preferred departure airports to the preferred destination airports. This search comprises options for preferred departure or arrival airport ("location of interest" and preferred departure or arrival time ("timeframe") and thus comprises a story or story content relating to a timeframe and location of interest. |
| ['734 Claim]: Receiving a query comprising an intersection criteria, the intersection criteria comprising a location and a timeframe of interest; | Expedia enables *users to enter search query for available flight options* from the preferred departure airports to destination airports. Further, the search query comprises departure or arrival airport ("location of interest") and departure or arrival time ("timeframe of interest"). As shown in the exemplary case below, the user searches for flights from Washington (DCA) within timeframe of Morning 5 AM to Morning 11.59 AM.<br><br>[1 web link] |

| | |
|---|---|
| ['734 Claim]: Accessing a plurality of stories stored on a non-transitory computer-readable storage medium, *each story submitted by a user* and comprising one or more content items and having respective intersection metadata, the intersection metadata of each story comprising a location and a timeframe pertaining to the story; | Expedia creates a search result page ("intersection space") for displaying a list of identified records (such as flights from the preferred airport within selected timeframe) as search results. *Expedia looks for desired search results ("stories") with information* that matches the search query ("intersection metadata") *in its database* ("stored on a computer-readable storage"). As shown in the exemplary case below, the search results are displayed to the user that match the user query i.e. search term, location and timeframe. |

There is no allegation in Corrino's AICs that flights, flight information, or flight search results are "submitted by a user." Such an allegation is not plausible, as the Accused Functionalities do not rely on users of the website to upload or submit flight schedules, flight pricing information, or the like. Corrino's AICs fail to identify any "story" or "stories" that are uploaded or submitted by users, and should be stricken accordingly.

**B.   Corrino's AICs Fail to Identify "An Indication Provided by One or More Users…"**

Corrino's AICs also fail to identify where in the Accused Instrumentalities the "each remaining story is associated with an indication *provided by one or more users* that the remaining story is associated with a same one or more participants." The key here, again, is the requirement that the indication be "provided by one or more users." Corrino asserts that the flight search results contain indications of the airline operating each flight (the claimed "participant"). *See* AICs '734 Contentions at 7 ("Expedia filters the results associated with the different airlines ('more participants') based on criteria indicating user preferences."). But aside from parroting the claim language at the outset, the contentions do not state that this indication is provided by one or more users:

| Patent Claim | Evidence (Ex. F at 7) |
|---|---|

8

| | |
|---|---|
| ['734 Claim 1]: filtering the stories selected for inclusion in the intersection space so that each remaining story is associated with *an indication provided by one or more users* that the remaining story is associated with a same one or more participants; | . . .<br>Expedia filters the stories selected for inclusion in the intersection space so that each remaining story is associated with an indication provided by one or more users. *Specifically, Expedia filters the results associated with the different airlines ("more participants") based on criteria indicating user preferences*, such as airline choice like for example Delta, JetBlue Airway etc., to display in the intersection space based on the selected criteria.<br><br>[screenshot of flight search results showing Delta and JetBlue Airways flights] |

The AICs do not identify an indication provided by one or more users. To the extent the operating airline can be assumed to meet the "participant" limitation, there is no indication provided by the user associating the flight search result [story] with a participant [airline]. In the image above, the icons (indications) for Delta and JetBlue (participants) are not alleged to be—and clearly are not—provided by users as the claims require. Of course, the Accused Functionalities do not rely on users to indicate that a specific flight is operated by a particular airline. Corrino's AICs fail to meet the standard outlined in the Standing Order and should be stricken accordingly.

V.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court strike the allegations with respect to the '734 Patent.

9

Dated: August 26, 2021 Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Jeffrey J. Catalano
IL Bar No. 6289197
Email: jcatalano@freeborn.com
Troy D. Smith
IL Bar No. 6297657
Email: tsmith@freeborn.com
**FREEBORN & PETERS LLP**
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312)-360-3520

*Counsel for Expedia Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 26th day of August, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant conferred with counsel for Plaintiff regarding the foregoing Motion to Strike. Plaintiff's counsel stated that it is opposed to the relief requested in this motion.

*/s/ Melissa R. Smith*