IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CORRINO HOLDINGS LLC,**<br>*Plaintiff*<br><br>*vs.*<br><br>**EXPEDIA, INC. and TRIVAGO N.V.,**<br><br>*Defendants* | **6:20-CV-309-ADA** |

## <u>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)</u>

Before the Court is Defendants Expedia, Inc. ("Expedia") and Trivago N.V. ("Trivago") (collectively, "Defendants") Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Austin Division. ECF No. 35. Plaintiff Corrino Holdings LLC ("Corrino") filed its Response (ECF No. 36), and Defendants filed their Reply (ECF No. 39). After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Defendants' Motion to Transfer to the Austin Division.

### I. FACTUAL BACKGROUND

Plaintiff Corrino filed this lawsuit accusing Defendants of infringing on U.S. Patent Nos. 6,741,188; 7,716,149; 7,843,332; 7,847,685; 7,958,104; 9,152,734; and 9,262,533 (collectively, the "Asserted Patents"). ECF No. 1. Corrino accuses Expedia of infringing the Asserted Patents through the search functionality on the Expedia.com, Orbitz.com, Travelocity.com, Hotels.com, Cheaptickets.com, HomeAway.com, and Vrbo.com mobile applications. *Id.*

Corrino is a limited liability company organized under the laws of Texas with its principal place of business at 17330 Preston Rd, Suite 200D, Dallas, Texas, 75252. ECF No. 21 ¶ 1.

1

Defendant Expedia is a corporation organized under the laws of Washington. *Id.* ¶ 2. Its principal place of business is at 333 108th Avenue NE, Bellevue, Washington 98004. *Id.* Expedia and its relevant subsidiaries maintain two offices in Austin. ECF No. 35 a 2. Defendant Trivago is a foreign company organized under the laws of Germany. ECF No 21 ¶ 3. It is a subsidiary of Expedia. *Id.*

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203

2

(5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.*, 628 F.3d at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III. DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Austin Division. Expedia asserts that this case could have originally been brought in the Austin Division because it regularly conducts business there. ECF No. 35 at 5. Corrino does not contest this point. This Court finds that venue would have

3

been proper in the Austin Division had Corrino originally filed this case there. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the Austin Division is clearly more convenient than the Waco Division.

### A. The Private Interest Factors

#### *i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d 1388, 1345 (Fed. Cir. 2009)).

Expedia and its relevant subsidiaries have two offices in the Austin Division. ECF No. 35 at 6. Custodians of key documents, including employees with technical responsibilities, reside in the Austin Division. *Id.* Most importantly, computer servers and documents relevant to the Accused Functionalities are stores in those Austin offices. *Id.* By contrast, no relevant documents are in the Waco Division.

In response, Corrino argues that all relevant discovery is stored electronically, which makes neither division more convenient. ECF No. 36 at 1. But the Federal Circuit has instructed that the accessibility of electronic storage of documents is not a fact that should weigh against transfer. *See In re Juniper*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) ("And while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-

proof factor irrelevant."). Corrino also complains that the sources of proof in Defendants' control are predominantly outside of the Western District of Texas. ECF No. 36 at 3–4. But Defendants have met their burden in showing that it stores relevant documents in its Austin offices. And without any indication that there are any documents stored in the Waco Division, this Court cannot say that this division would be more convenient than Austin for accessing the sources of proof in this case.

For those reasons, the Court finds this factor favors transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, No. 6:18-cv-00372, 2019 WL 4743678 at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

Both divisions would have the same subpoena power because they are in the same district. Accordingly, this factor is neutral.

### iii. The Cost of Attendance and Convenience for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. When analyzing this factor, the Court should consider all

potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time away from an individual's home is a more important metric than distance. *Id.*

Expedia and its subsidiaries employ over 1,400 individuals in the Austin offices. ECF No. 35 at 7. A relevant subsidiary, HomeAway, is headquartered in Austin. *Id.* HomeAway employs individuals with technical responsibilities in its Austin office, and they will have knowledge relevant to design and development of for at least one of the Accused Instrumentalities. *Id.* HomeAway's Austin office also includes employees with marketing responsibilities who may have knowledge of the sales information for the Accused Instrumentalities. *Id.* Lastly, Expedia asserts that Austin would also be more convenient for any witnesses travelling from outside of Texas to trial. *Id.* at 8. It will be cheaper and faster for potential witnesses from Seattle and Chicago to travel to Austin than to Waco. *Id.* Out-of-state employees will be able to work from Expedia's

Austin offices, which would be more convenient than having to and from Waco every day. *Id.* Expedia asserts that it has no employees who live in the Waco Division. *Id.* at 8.

Corrino contends this factor is neutral. In its Response, Corrino argues that the distance from Austin to Waco of only 100 miles amounts to a relatively minor inconvenience for any party witnesses who live in Austin or out-of-state. ECF No. 36 at 5. Corrino also relies on outdated law to argue that party witnesses should be given little weight. *Id.* The Court no longer follows that approach, and party witnesses are still properly analyzed under this factor. *In re Juniper*, 14 F.4th at 1319.

The Court agrees with Expedia that the Austin Division would be more convenient for the willing witnesses in this case. Expedia has shown that there are individuals with knowledge relevant to design, development, and marketing of the Accused Instrumentalities who reside in the Austin Division. At least some of its trial witnesses will be pulled from the 1,400 employees who work in the Austin Expedia and subsidiary offices. And for those witnesses traveling from out of state, trial in the Austin Division would likely be easier to get to and cheaper. Neither party identifies any witness that resides in the Waco Division. More witnesses thus reside in the transferee forum.

For those reasons, the Court finds this factor favors transfer.

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar.

7

21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3.

Under this factor, the parties argue how the courthouse closures from the COVID-19 pandemic creates practical problems to trying this case in Austin. See ECF No. 35 at 9–10; ECF No. 36 at 6. Those arguments are properly analyzed under the court congestion factor, not the practical problems factor. Expedia also argues how the case being in its infancy would mean no practical problems would exist in resolving this case expeditiously if it were transferred. ECF No. 35 at 10. That argument is moot now because the parties have proceeded past Markman and engaged in discovery. The parties have failed to show how any practical problems would make trial of this case easier, quicker, or cheaper in either venue.

For those reasons, the Court finds that this factor is neutral.

## B. The Public Interest Factors

### i. *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Although the parties argue how COVID-19 impacts court congestion in the practical problems factor, the Court will address those points here. Expedia argues that the past Austin courthouse closures are irrelevant because the courthouse is now open. ECF No. 35 at 10. Corrino responds by citing City of Austin restrictions that were in place in August of 2021. ECF No. 36 at 6. It argues that Austin's past COVID policies make closure of the Austin courthouse in the future likely. *Id.*

Even if the Austin courthouse is still open, the backlog caused by its prior closures is still relevant because delays in postponed cases affect the district's ability to resolve this case expeditiously. Recent data from the past few years indicated that the Waco Division has been able to bring patent cases to trial in approximately two years after the filing of the complaint. *See, e.g., MV3 Partners v. Roku,* 6-18-CV-00308 (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC*, 2020 WL 6439178 (20.3 months from case filing to trial); *VLSI Technology LLC v. Intel Corporation*, No. 6-21-CV-00057 (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc. et al*, No. 6-21-CV-00511 (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*. No. 6-19-CV-00044 (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus v. Google*, 6-20-CV-00101 (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6-20-cv-00018 (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare v. Google LLC*, 6-19-CV-663 (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage v. Nine Energy*, No. 6-20-cv-277 (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6-20-cv-00075 (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-CV-00680 (W.D. Tex., filed Nov.

26, 2019) (28.3 months from case filing to trial). But without the parties citing any statistics that compare the time-to-trial in each division, this Court is left to speculate on whether trial will be sooner in Austin or Waco. And considering the Federal Circuit has indicated this is the most speculative factor, this Court will not accord it much weight because of both that instruction and the fact that the parties spilled little-to-no ink in briefing this factor.

For those reasons, the Court finds this factor is neutral.

### ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung Elecs. Co.*, Nos. 2021-139, 2021-140, 2021 U.S. App. LEXIS 19522, at *20 (Fed. Cir. June 30, 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original). But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district

has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *See id.* at 1320.

Expedia argues that the existence of its two offices and the over 1,400 employees in the Austin Division give that venue a much stronger local interest in this case. ECF No. 35 at 10. And because engineers and programmers who worked on the Accused Instrumentalities reside in Austin, that likely means that infringing acts were committed in that Division. ECF No. 35 at 7.

Although Expedia argues to the contrary, Waco similarly has a localized interest because it is in the same district and is under 90 miles from Apple's offices. Indeed, the Federal Circuit has indicated that a localized interest remains when the employees reside near the district. *See In re Hoffmann-La Roche Inc.*, 587 F.3d at 1336 ("the Eastern District of North Carolina's local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or *near* that district and who presumably conduct business in that community.") (emphasis added). By establishing its offices near this venue, Expedia has given Waco a localized interest in this case. Still, the local interest in Austin is likely stronger because the physical offices are in that division, and the employees reside closer to the Austin courthouse than the Waco courthouse.

For those reasons, the Court finds that this factor favors transfer.

### *iii. Familiarity of the Forum with the Law That will Govern the Case*

Both parties agree that this factor is neutral.

### *iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Both parties agree that this factor is neutral.

## IV. CONCLUSION

Having considered the private and public interest factors, Court's conclusions for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Favors |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Favors |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Favors |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Three factors favor transferring this case to the Austin Division. More sources of proof and witnesses reside in Austin. That Division likely has a stronger localized interest because of Expedia's significant presence there and its acts of infringement likely occurred there. The remaining factors are neutral, with none pointing to keeping the case in this Division. Defendants have met their burden in showing that the Austin Division is clearly more convenient.

**IT IS ORDERED** that Defendants' Motion to Transfer Venue to the Austin Division (ECF No. 35) is **GRANTED.**

SIGNED this 12th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE